# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT
### NO. 21-2791

---

**DERRICK ANTHONY STEWART,**
**Petitioner-Appellant,**

**vs.**

**UNITED STATES,**
**Respondent-Appellee.**

---

## APPEAL FROM THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION
### HONORABLE STEPHANIE M. ROSE

---

## PETITIONER/APPELLANT'S BRIEF AND
## REQUEST FOR ORAL ARGUMENT

---

Jessica Donels
Parrish Kruidenier Dunn Gentry
Brown Bergmann & Messamer L.L.P.
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile:   (515) 284-1704
Email: jdonels@parrishlaw.com
ATTORNEY FOR
PETITIONER/APPELLANT

Richard D. Westphal
Clifford R. Cronk III
United States Attorney's Office
131 East 4th Street, Suite 310
Davenport, Iowa 61201
Telephone: (563) 449-5432
Facsimile:   (563) 449-5433
Email: cliff.cronk@usdoj.gov
ATTORNEY FOR
RESPONDENT/APPELLEE

## SUMMARY OF THE CASE & REQUEST FOR ORAL ARGUMENT

On March 19, 2018, Derrick Stewart pled guilty to conspiring to distribute heroin and possessing a firearm in furtherance of a drug trafficking crime. Because of his prior convictions, his drug sentence was statutorily enhanced to a twenty-year mandatory minimum. (J., *United States v. Stewart*, 3:17-cr-00024-SMR-SBJ-1 (S.D. Iowa Mar. 19, 2018). However, the prior conviction under 720 ILCS 570/402(c) (2000) should never have been counted as a prior drug felony for the purposes of sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A). Stewart moved for relief under 28 U.S.C. § 2255. After receiving briefs from both parties, the district court denied the motion to vacate Stewart's sentence.

Counsel requests oral argument for ten minutes.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE & REQUEST FOR ORAL ARGUMENT ................1

TABLE OF AUTHORITIES ......................................................................4

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF ISSUES ........................................................................1

STATEMENT OF THE CASE......................................................................2

    A.   Criminal Proceedings, *United States v. Derrick Stewart*, Southern District Iowa 3:17-cr-00024-SMR-SBJ-1 ...........................................2

    B.   Civil Proceedings ..........................................................................6

SUMMARY OF THE ARGUMENT ......................................................7

I.    THE CATEGORICAL APPROACH MUST BE USED TO DETERMINE WHETHER A SENTENCE IS STATUTORILY ENHANCED UNDER THE CONTROLLED SUBSTANCES ACT. ......................................................8

    A.   Preservation & Standard of Review ............................................8

    B.   Argument ......................................................................................8

II.   UNDER A PROPER APPLICATION OF THE CATEGORICAL APPROACH, STEWART'S  PRIOR CONVICTION IS NOT A PRIOR DRUG FELONY............................................................................................14

    A.   Preservation & Standard of Review ..........................................14

    B.   Argument ....................................................................................15

III.  COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE USE OF THE PRIOR CONVICTION FOR ENHANCEMENT PURPOSES, AND STEWART WAS PREJUDICED....................................................................17

    A.   Preservation & standard of review ............................................17

    B.   Argument ....................................................................................17

        1.   *Counsel's performance was deficient.* ...................................17

Appellate Case: 21-2791     Page: 3     Date Filed: 10/20/2021 Entry ID: 5089509

2. *Stewart was prejudiced.* ............................................................19

CONCLUSION ..................................................................................21

CERTIFICATE OF SERVICE ............................................................22

CERTIFICATE OF COMPLIANCE....................................................24

iii

# TABLE OF AUTHORITIES

**Cases**

*Alleyne v. United States*, 570 U.S. 99 (2013) ................................................. 1, 10, 12

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998) ....................................10

*Auman v. United States*, 67 F.3d 157 (8th Cir. 1995).................................................2

*Dat v. United States*, 920 F.3d 1192 (8th Cir. 2019) ................................... 8, 15, 17

*Golinveaux v. United States*, 915 F.3d 564 (8th Cir. 2019).......................... 8, 14, 17

*Mathis v. United States*, 136 S. Ct. 2243 (2016) ............................................. 10, 13

*Moncrieffe v. Holder*, 569 U.S. 14 (2013) ................................................. 1, 9, 10, 12

*Pierce v. United States*, 686 F.3d 529 (8th Cir. 2012)........................................2, 18

*Prichard v. Lockhart*, 900 F.2d 352 (8th Cir. 1993).................................................18

*Shephard v. United States*, 544 U.S. 13 (2005) .......................................................10

*Strickland v. Washington*, 466 U.S. 668 (1984) ...................................................2, 17

*Taylor v. United States*, 495 U.S. 575 (1990)................................................... passim

*United States v. Boleyn*, 929 F.3d 932 (8th Cir. 2019)............................................13

*United States v. Brown*, 500 F.3d 48 (1st Cir. 2007)...............................................12

*United States v. Brown*, 598 F.3d 1013 (8th Cir. 2010) ..........................................13

*United States v. Curry*, 404 F.3d 316 (5th Cir. 2005) .............................................12

*United States v. Demint*, 74 F.3d 876 (8th Cir. 1996) .............................................19

*United States v. Elder*, 900 F.3d 491 (7th Cir. 2018) ............................. 1, 12, 13, 14

Appellate Case: 21-2791    Page: 5    Date Filed: 10/20/2021 Entry ID: 5089509

*United States v. Hawkins*, 548 F.3d 1143 (8th Cir. 2008) .......................................13

*United States v. Hayes*, 736 Fed. Appx. 719 (10th Cir. 2018) ...............................13

*United States v. Howell*, 531 F.3d 621 (8th Cir. 2008) .........................................18

*United States v. Kirkland*, 450 F.3d 804 (8th Cir. 2006) ........................................18

*United States v. Moss*, 252 F.3d 993 (8th Cir. 2001) ..........................................2, 18

*United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007) .........................................12

*United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017) ..........................12

*United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) ............................ 1, 15, 16, 17

*United States v. Soto*, 8 Fed. Appx. 535 (6th Cir. 2001) ................................. 14, 19

*United States v. Spudich*, 510 F.3d 834 (8th Cir. 2008) .........................................18

*United States v. Stewart*, 761 Fed. Appx. 659 (8th Cir. 2019) ................................5

## Statutes

21 U.S.C. § 802(14) ............................................................................1, 16

21 U.S.C. § 802(17)(D) .......................................................................1, 16

21 U.S.C. § 802(44) (2018) .............................................................. 2, 3, 9

21 U.S.C. § 812 ..................................................................................2, 16

21 U.S.C. § 841(b)(1)(A) (2018) ...................................................... passim

21 U.S.C. § 851 ............................................................................................3

28 U.S.C. § 2253 ...........................................................................................1

28 U.S.C. § 2255 ................................................................................. passim

v

720 ILCS 5/2-7 (2000)...................................................................................2

720 ILCS 570/102(f) (2000) .......................................................................3

720 ILCS 570/206(b)(4) (2000)..............................................................2, 16

720 ILCS 570/402(c) (2000)............................................................... passim

730 ILCS 5/5-4.5-45(a)...............................................................................4

730 ILCS 5/5-8-1 (2000) .........................................................................2, 15

Appellate Case: 21-2791    Page: 7    Date Filed: 10/20/2021 Entry ID: 5089509

## JURISDICTIONAL STATEMENT

U.S. District Judge Rose issued an order denying the motion under 28 U.S.C. § 2255 on August 5, 2021. (Add. 5). Judgment issued the following day. (Civ. Judgment, App. 55). Jurisdiction was through 28 U.S.C. § 2255.

On August 9, 2021, Stewart filed his notice of appeal. (Civ. Notice of Appeal, App. 47). Because Judge Rose issued a certificate of appealability, this Court's jurisdiction is through 28 U.S.C. § 2253.

## STATEMENT OF ISSUES

I.      The Categorical Approach Must Be Used to Determine whether a Sentence is Statutorily Enhanced under the Controlled Substances Act

*Alleyne v. United States*, 570 U.S. 99 (2013)

*Moncrieffe v. Holder*, 569 U.S. 14 (2013)

*Taylor v. United States*, 495 U.S. 575 (1990)

*United States v. Elder*, 900 F.3d 491 (7th Cir. 2018)

21 U.S.C. § 802(44) (2018)

21 U.S.C. § 841(b)(1)(A) (2018)

720 ILCS 570/402(c) (2000)

II.     Under a Proper Application of the Categorical Approach, Stewart's Prior Conviction is not a "Prior Drug Felony"

*United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020)

21 U.S.C. § 802(14)

21 U.S.C. § 802(17)(D)

1

21 U.S.C. § 802(44) (2018)

21 U.S.C. § 812

21 U.S.C. § 841(b)(1)(A) (2018)

720 ILCS 570/206(b)(4) (2000)

720 ILCS 570/402(c) (2000)

720 ILCS 5/2-7 (2000)

730 ILCS 5/5-8-1 (2000)

III.  Counsel was Ineffective in Failing to Object to the Use of the Prior Conviction for Enhancement Purposes, and Stewart was Prejudiced.

*Auman v. United States*, 67 F.3d 157 (8th Cir. 1995)

*Pierce v. United States*, 686 F.3d 529 (8th Cir. 2012)

*Strickland v. Washington*, 466 U.S. 668 (1984)

*United States v. Moss*, 252 F.3d 993 (8th Cir. 2001)

## STATEMENT OF THE CASE

### A. Criminal Proceedings, *United States v. Derrick Stewart*, Southern District Iowa 3:17-cr-00024-SMR-SBJ-1

On April 19, 2017, Stewart was indicted with:

Count 1: Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute 1,000 Grams and More of a Mixture and Substance Containing Detectable Amounts of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 851;

Count 2: Possession with intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

2

Count 3: Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c); and

Count 4: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Regarding Count 1, the Government filed a notice pursuant to 21 U.S.C. § 851 that it intended to seek an increased penalty due to his criminal history involving at least one "felony drug offense." (Crim. Enhancement Information, App. 48). At the time of Stewart's conviction, a "felony drug offense" was defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2018).

The Government relied on Stewart's conviction in Illinois in 2000 under 720 ILCS 570/402(c) (2000) to enhance Stewart's sentence. At the time, 720 ILCS 570/402(c) was a residual or catch-all clause, providing that a person in possession of "an amount of a controlled or counterfeit substance not set forth in [the remainder of the statute] is guilty of a Class 4 felony." 720 ILCS 570/402(c) (2000). A "controlled substance" under Illinois law included any "drug, substance, or immediate precursor" listed in the Schedules of the Illinois Controlled Substances Act. 720 ILCS 570/102(f) (2000); *see also* §§ 204, 206, 208, 210, and 212

3

(Schedules I through V). Class 4 felonies in Illinois carry a penalty of one to three years' imprisonment. 730 ILCS 5/5-4.5-45(a).

The Presentence Investigation Report (PSR) contained the following information about Stewart's 2000 Illinois Conviction:

| 49. | 03/24/2000 (Age 31) | Ct. 1: Possession Controlled Substance Ct. 2: Possession of Less than 2.5 Grams of Cannabis/Illinois Circuit Court for Rock Island County; Dkt. #2000CF259 | 06/29/00: Ct. 1, pled guilty, 24 months' conditional discharge, $150 fine, Ct. 2, dismissed; Discharge date unknown | 4A1/1(c) | 1 |

Attorney representation is unknown.

According to the supplemental report, on March 24, 2000, LEO initiated a traffic stop on the defendant for loud music. A basic inventory of the vehicle revealed a straw and tin foil LEO believed to be utilized to snort narcotics in clear sight. Upon opening the in foil, LEO discovered cocaine. A search of the vehicle also revealed 2.7 grams of marijuana.

The probation office has no information regarding the defendant's conduct while on conditional discharge.

(PSR ¶ 49, Conf. App. 17). Stewart's attorney did not object to the enhancement.

(Civ. Doc. No. 7 ¶ 44, App. 22).

Stewart pled guilty to Counts 1 and 3 of the Indictment, under the condition that he could appeal an adverse ruling on a motion to suppress. *See, e.g. United*

Appellate Case: 21-2791    Page: 11    Date Filed: 10/20/2021 Entry ID: 5089509

*States v. Stewart*, 761 Fed. Appx. 659 (8th Cir. 2019).[1] Although the PSR writer recommended a guidelines' sentence of 210 to 262 months on Count 1,[2] at sentencing, the Court sustained Stewart's objection to an enhancement for using a minor and found a guideline range of 168 to 210 months.[3] Count 3 carried a mandatory consecutive term of 60 months' imprisonment. (Sent. Tr. 13:6-25, App. 51).

Although the guidelines called for a total as sentence as low as 228 months (19 years), the Courts' hands were tied[4] by the statutory mandatory minimum based on treating the Illinois conviction as a prior drug felony. (Sent. Tr. 13:19-25, App. 51). Count 1 carried a statutory mandatory minimum of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(A) (2018). Stewart was sentenced to the statutory mandatory minimum of 240 months imprisonment on Count 1 and 60-months imprisonment on Count 3, for a total sentence of 300 months. (Judgment, App. 55).

---

[1] The constitutionality of the search of Stewart's home was the sole issue raised on direct appeal. *Id.* at 660.

[2] Based on a base offense level of 32, plus 4 for maintaining a premises for the purposes of distributing a controlled substance and using a minor, and minus 3 for acceptance of responsibility, for a total offense level of 33 and a criminal history category V.

[3] Based on a total offense level of 31 and a criminal history category of V.

[4] The Court expressed grave reservations about imposing such a lengthy sentence on Stewart, stating, "If I had a choice here, I would not give you a 25-year sentence, but I don't. This is what the law requires." (Sent. Tr. 19:16-17, App. 52).

## B. Civil Proceedings

Stewart timely filed his pro se motion under 28 U.S.C. § 2255 on December 5, 2019. (Mot. to Vacate Sentence, App. 3). In his motion, he raised two issues:

> **GROUND ONE:** Petitioner's sentence was enhanced pursuant to 21 U.S.C. § 851 based on an Illinois State drug offense that has been held to be categorically broader than the federal definition of a federal drug offense.

> **GROUND TWO:** Petitioner was denied the effective assistance of counsel . . . . Petitioner's counsel was aware the Government had filed a 21 U.S.C. § 851 enhancement notice, Docket Entry 56, and he failed to investigate the prior conviction that was listed as the predicate prior, and then he failed to challenge the 851 predicate at the time of sentencing, and then did not raise the issue on appeal.

(*Id.* at 5, 7). The district court conducted an initial review of his motion, held that it could go forward, and ordered Stewart's prior counsel to submit an affidavit regarding the allegations in the Motion. (Initial Rev. Ord. 2-3, App. 18).

Prior counsel explained that he did not object to the enhancement for a prior felony drug offense, nor did he do any research on whether it was properly applied:

> 43. In Ground Two of his Petition, Stewart claims he was denied effective assistance of counsel. Specifically, he alleges that counsel "failed to investigate the prior conviction that was listed as the predicate prior, then he failed to challenge the 851 predicate at the time of sentencing, and then did not raise the issue on appeal."

> 44. Stewart is correct that as counsel I did not challenge the prior conviction at sentencing or on appeal. However, I believe he is mistaken that this constitutes ineffective assistance of counsel.

(Mullin Aff. ¶¶ 46-47, App. 22).

6

The Government resisted Stewart's motion, arguing that Ground I was procedurally defaulted and Ground II failed on the merits. Specifically, the Government argued that the categorical approach did not apply to determine whether a prior offense was a prior drug felony, and that even if the categorical approach applied, Stewart's 2000 conviction under Illinois law nevertheless qualified as a prior drug felony under 21 U.S.C. § 841(b)(1)(A) (2018). The District Court ultimately accepted both of these arguments. While the District Court recognized that the ineffective assistance of counsel on Ground II could excuse the procedural default on Ground I, it held that counsel was not ineffective because the categorical approach did not apply to Stewart's case, and the 2000 conviction was properly classified as a predicate offense.

## SUMMARY OF THE ARGUMENT

The District Court erred in holding that the categorical approach should not be used to determine whether a prior offense is a "prior drug felony" under 21 U.S.C. § 841(b)(1)(A) (2018), and that Stewart's 2000 Illinois conviction qualified as a prior drug felony even if the categorical approach was used. Under a proper application of the categorical approach, the 2000 Illinois conviction is not a prior drug felony, and the proper mandatory minimum sentence on Count I would have been ten years. Stewart's prior counsel was ineffective for failing to object to this

7

enhancement, and Stewart was prejudiced, as his guidelines range supported a sentence below the mandatory minimum sentence imposed by the District Court.

## ARGUMENT

## I. THE CATEGORICAL APPROACH MUST BE USED TO DETERMINE WHETHER A SENTENCE IS STATUTORILY ENHANCED UNDER THE CONTROLLED SUBSTANCES ACT.

### A. Preservation & Standard of Review

This issue was preserved by the parties' litigation, and by the District Court's order holding that the categorical approach should not apply. (*See* Ord. Denying Mot. to Vacate at 10-13, Add. 14-17).

The Eighth Circuit reviews legal conclusions "about the controlling law at the time of sentencing" de novo. *Golinveaux v. United States*, 915 F.3d 564, 568 (8th Cir. 2019). It "reviews § 2255-ineffective-assistance claims de novo, and the underlying factual findings for clear error." *Dat v. United States*, 920 F.3d 1192, 1193 (8th Cir. 2019).

### B. Argument

At the time Stewart was sentenced, 21 U.S.C. § 841(b)(1)(A) (2018) provided a mandatory minimum sentence of 20 years where a defendant had been convicted of a prior felony drug offense. "Felony drug offense" was defined to mean "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant

8

substances" as defined under the Controlled Substances Act (CSA). 21 U.S.C. § 802(44) (2018). The categorical approach – a method of comparing prior offense statutes of conviction to predicate offense statutes to determine whether a particular offender was convicted of a predicate offense – should have been used to determine whether Stewart's conviction under 720 ILCS 570/402(c) (2000) was a felony drug offense under 21 U.S.C. § 802(44) (2018).

First, the Supreme Court has typically required the use of the categorical approach in areas where there is a statutory mandatory minimum sentence as a result of a prior conviction.[5] In *Taylor v. United States*, 495 U.S. 575, 601 (1990), the Supreme Court noted that Congress "generally took a categorical approach to predicate offenses." Where Congress provided for statutory sentencing enhancements, the Supreme Court commented:

> [T]he legislative history . . . shows . . . considerable debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case. If Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history.

---

[5] The categorical approach is also typically used in the immigration context, where Congress has attempted to put in place uniform rules governing the consequences of various state offenses. *See, e.g. Moncrieffe v. Holder*, 569 U.S. 14 (2013) (using the categorical/modified categorical approach to determine whether an alien had been convicted of an aggravated felony as defined by federal law).

Appellate Case: 21-2791     Page: 16     Date Filed: 10/20/2021 Entry ID: 5089509

*Id.* at 601. The use of the word "convicted" or "conviction" in the statute triggering penalties for having a predicate offense "is the relevant statutory hook" requiring application of the categorical approach. *Moncrieffe*, 569 U.S. at 191 (citing *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 580 (2010)).

Using an approach other than the categorical approach raises constitutional concerns. It is well established that "mandatory minimum sentences increase the penalty for a crime." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Therefore, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt." *Id.* Because of the categorical approach, the existence of prior convictions has long been held to be the sole exception to the rule in *Alleyne*. *Id.* at 111 n.1; *see also Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *Shephard v. United States*, 544 U.S. 13, 25 (2005). Applying the categorical approach ensures that, in applying sentencing enhancements, a sentencing court considers only those facts which were necessarily submitted to a jury and proved beyond a reasonable doubt or admitted as part of a guilty plea. *Mathis v. United States*, 136 S. Ct. 2243, 2252 (2016) (in applying a statute that increases the mandatory minimum sentence for a crime, the court "cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense.").

10

As noted in *Taylor*, relying on an approach other than the categorical approach also raises logistical concerns. The Supreme Court observed that the "practical difficulties and potential unfairness" of looking at the factual record of a defendant's conviction, rather than the statute of conviction, "are daunting." 495 U.S. at 601. Looking at the facts surrounding a defendant's offense, rather than the definition of the statutory offense, raises the prospect of mini-trials over long-resolved offenses at every federal sentencing hearing. *Id.* at 601-02. Nor is it satisfactory to simply allow the words used by the states to describe a particular offense to control whether a prior conviction is a predicate offense in the federal courts, because this would lead to arbitrary application of enhanced sentences. *Id.* at 590-91 ("It seems to us to be implausible that Congress intended the meaning of 'burglary' for purposes of § 924(e) to depend on the definition adopted by the State of conviction. That would mean that a person convicted of unlawful possession of a firearm would, or would not, receive a sentence enhancement based on exactly the same conduct, depending on whether the State of his prior conviction happened to call that conduct 'burglary.'").

With this history in mind, the Controlled Substance Act merits the same categorical approach treatment as the predicate offense enhancements in the Armed Career Criminal Act (ACCA) and the immigration consequences outlined in the Immigration and Nationality Act (INA). First, § 841(b)(1)(A) and § 802(44) contain

11

the statutory "hook" identified in *Moncrieffe*: they ask whether a defendant has been *convicted* of a crime, not whether he has committed certain conduct. 21 U.S.C. § 841(b)(1)(A) (2018); 21 U.S.C. § 802(44). Using the categorical approach would prevent *Alleyne* issues by prohibiting judicial factfinding of factors increasing the mandatory minimum sentence, and would prevent the logistical nightmare created by putting on a mini-trial of the facts of a prior offense wherever the record is not clear.

Despite the statutory hook, constitutional issues, and the impracticalities/arbitrariness of rejecting the categorical approach, the Circuit Courts of Appeal appear to have split over whether the categorical approach should be applied to predicate offenses under the CSA. The First, Fourth, Fifth, Seventh, and Ninth Circuits follow Supreme Court precedent and apply the categorical approach. *See, e.g. United States v. Elder*, 900 F.3d 491, 500-01 (7th Cir. 2018); *United States v. Ocampo-Estrada*, 873 F.3d 661, 667-69 (9th Cir. 2017); *United States v. Brown*, 500 F.3d 48, 59 (1st Cir. 2007); *United States v. Nelson*, 484 F.3d 257, 261 and n.3 (4th Cir. 2007); *United States v. Curry*, 404 F.3d 316, 319 n.6 (320 (5th Cir. 2005). Of these, the Seventh Circuit has supplied the fullest analysis of why the categorical approach is required:

> The text of § 841(b)(1)(A) and § 802(44) clearly requires a categorical approach by asking us to examine the defendant's statute of conviction – in other words, whether the defendant has a "conviction," § 841(b0(1)A), "under any law of the United States or of a State or

12

> foreign country that prohibits or restricts conduct relating to" certain substances, § 802(44). Moreover, any other approach would "raise serious Sixth Amendment concerns," *Descamps*, 570 U.S. at 269, because it could allow the sentencing court to "go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense," *Mathis*, 136 S. Ct. at 2252. Finally, applying the categorical approach avoids unfairness to defendants by not placing the burden on defendants to challenge extraneous factual inaccuracies in record documents not regarding elements of the offense.

*Elder*, 900 F.3d at 501.

The Tenth Circuit recognized that it has taken a "less formal" approach to determining whether a defendant has an appropriate predicate offense of conviction under the CSA and declined to rule definitively that the categorical approach applies. *United States v. Hayes*, 736 Fed. Appx. 719, 722-24 (10th Cir. 2018). However, in that case, the Tenth Circuit used the modified categorical approach to determine that Mr. Hayes did have a prior drug felony triggering an enhanced sentence. *Id.* Likewise, case law in the Eighth Circuit is confused, with various panels applying the categorical approach and others failing to discuss its application. *Compare United States v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2008) (failing to apply or even discuss the categorical approach under the Controlled Substance Act to a conviction under 720 ILCS 570/402(c) (2000)); *and United States v. Boleyn*, 929 F.3d 932, 938 (8th Cir. 2019); *United States v. Brown*, 598 F.3d 1013, 1015 (8th Cir. 2010) (both applying the categorical approach).

13

The Sixth Circuit stands alone as the only Circuit to absolutely reject the categorical approach, stating blandly that "section 802(44) defines 'felony drug offense' broadly to encompass any offense that 'prohibits or restricts conduct relating to narcotic drugs,'" therefore it should be treated differently from the ACCA, INA, and other statutes which create penalties based on prior convictions. *United States v. Soto*, 8 Fed. Appx. 535, 541 (6th Cir. 2001). This justification for departing from the standard is unconvincing, because it does not address the concerns that failing to follow the categorical approach raises and does not engage in the statutory interpretation that characterizes *Taylor* and *Elder*.

The Eighth Circuit should resolve the conflict between *Hawkins*, *Brown*, and *Boleyn* and follow the majority of the Circuits by using the categorical approach to determine when a sentencing enhancement under the CSA applies.

## II.   UNDER A PROPER APPLICATION OF THE CATEGORICAL APPROACH, STEWART'S  PRIOR CONVICTION IS NOT A PRIOR DRUG FELONY.

### A. Preservation & Standard of Review

This issue was preserved by the parties' litigation, and the District Court's ruling finding that Stewart's prior conviction was a prior drug felony even applying the categorical approach. (Ord. Denying Mot. to Vacate at 13-14, Add. 17-18).

The Eighth Circuit reviews legal conclusions "about the controlling law at the time of sentencing" de novo. *Golinveaux*, 915 F.3d at 568. It "reviews § 2255-

14

ineffective-assistance claims de novo, and the underlying factual findings for clear error." *Dat*, 920 F.3d at 1193.

## B. Argument

The District Court erred in its application of the categorical approach to Stewart's conviction. Under the categorical approach, courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute. *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *Id.* (quoting *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019)). Stewart's 2000 Illinois conviction does not mirror, nor is it narrower than, the definition of a felony drug offense in 21 U.S.C. § 802(44).

First, at the time of his conviction in 2000, Illinois permitted a one-year sentence for a class 4 felony. 720 ILCS 5/2-7 (2000); 730 ILCS 5/5-8-1 (2000). By contrast, a felony drug offense as defined by the CSA requires a sentence of "more than one year." 21 U.S.C. § 802(44). Because Illinois' statute carries a minimum penalty of 365 days, and the federal statute requires a minimum penalty of 366 days, the Illinois statute is not a federal felony drug offense.

Second, the 2000 version of 720 ILCS 570/402(c) prohibits substances that are not prohibited under the CSA. In holding otherwise, the District Court focused

Appellate Case: 21-2791     Page: 22     Date Filed: 10/20/2021 Entry ID: 5089509

on amendments to 720 ILCS 570/402(c) between 1993 and 2000 that replaced propylhexedrine (a substance that was not federally controlled) with pyrovalerone (a substance that is federally controlled). However, other differences between the Illinois statute and the federal definition of a prior drug felony remain. 720 ILCS 570/402(c) (2000) prohibits the possession of "an amount of a controlled or counterfeit substance not set forth in subsection (a) or (d)." As discussed in *Ruth*, 966 F.3d at 647, Illinois' definition of cocaine is broader than the federal definition of cocaine. Illinois' schedule of controlled substances defined cocaine as:

> Coca leaves and any salt, compound, isomer, derivative, or preparation of coca leaves including cocaine or ecgonine, or any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions of coca leaves which do not contain cocaine or ecgonine (for the purpose of this paragraph, the term "isomer" includes optical, *positional*, and geometric isomers).

720 ILCS 570/206(b)(4) (2000)[6] (emphasis added). By contrast, federal law defines "isomers" to include only optical and geometric isomers, *not* positional isomers. *See* 21 U.S.C. §§ 802(14), 802(17)(D), and 812. Because Stewart could have been convicted of a felony for possessing positional cocaine isomers under State law, but not under federal law, his Illinois 2000 conviction is not a categorical match to the

---

[6] The *Ruth* case considered a 2006 version of the Illinois Controlled Substances Act; however, the language describing prohibited types of cocaine is identical across both versions of the statute.

16

federal definition of prior drug felony, and his sentence cannot be enhanced. *Ruth*, 966 F.3d 642, 647-48 (7th Cir. 2020).

### III. COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE USE OF THE PRIOR CONVICTION FOR ENHANCEMENT PURPOSES, AND STEWART WAS PREJUDICED.

#### A. Preservation & standard of review

This issue was preserved by the parties' litigation, and the District Court's ruling that Counsel was not ineffective because Stewart's claim failed on the merits.

The Eighth Circuit reviews legal conclusions "about the controlling law at the time of sentencing" de novo. *Golinveaux*, 915 F.3d at 568. It "reviews § 2255-ineffective-assistance claims de novo, and the underlying factual findings for clear error." *Dat*, 920 F.3d at 1193.

#### B. Argument

To prevail on a claim of ineffective assistance of counsel, a movant must prove: (1) counsel's representation was deficient; and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation is deficient when it falls below an objective standard of reasonableness. *Id.*at 687-88. Prejudice is present where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

##### 1. Counsel's performance was deficient.

17

Trial counsel may be found ineffective for failing to object at sentencing. *See Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). While "counsel is not ineffective for failing to raise an argument that was novel at the time of the proceeding, even if later found to be meritorious," *Pierce v. United States*, 686 F.3d 529, 533 (8th Cir. 2012), counsel cannot ignore developments in case law as they are happening. *C.f. United States v. Moss*, 252 F.3d 993, 1003 (8th Cir. 2001) (where a particular legal argument had been repeatedly rejected, but "defense counsel often challenged" the argument "and several commentators, and courts, had adequately set forth the legal basis" for the argument, a claim is "reasonably available to counsel."). Nor can counsel ignore the plain language of statutes or directly analogous case precedent. *Prichard v. Lockhart*, 900 F.2d 352, 354 (8th Cir. 1993).

Counsel's failures here amount to ignoring the plain language of the relevant Illinois drug statutes and the CSA, as well as directly analogous case precedent. The categorical approach has been applied to determine whether a prior offense is a predicate offense for enhancement purposes since at least the *Taylor* decision in 1990. The Eighth Circuit has frequently applied the categorical approach to determine whether a prior offense is a predicate offense for enhancement purposes. *See, e.g. United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008); *United States v. Spudich*, 510 F.3d 834, 837 (8th Cir. 2008); *United States v. Kirkland*, 450 F.3d 804, 807 (8th Cir. 2006); *United States v. Demint*, 74 F.3d 876, 878 (8th Cir. 1996).

Appellate Case: 21-2791     Page: 25     Date Filed: 10/20/2021 Entry ID: 5089509

No court, and particularly no court in the Eighth Circuit, has put forth a convincing reason *why* the categorical approach should not apply to the CSA, but should apply to the ACCA. There are no relevant differences between the two code sections to justify the "informal" approach adopted by the Sixth Circuit in *Soto*, 8 Fed. Appx. at 541.

Stewart's counsel was familiar with the categorical approach, having successfully used it to challenge an enhancement under the ACCA in a previous § 2255 motion for a different defendant. (Mullins Aff. ¶ 47, App. 22). However, he did not investigate the statutes of conviction for Stewart's 2000 Illinois conviction, and did not object to the enhancement in this case. (Mullins Aff. ¶ 44, App. 22). The legal basis for challenging the application of the enhancement was well established. The failure to challenge the enhancement was not objectively reasonable.

### 2. *Stewart was prejudiced.*

The District Court below acknowledged that Stewart could likely prove prejudice, because if it was within the Court's power to give a lower sentence, it would have. (Ord. Denying Mot. to Vacate at 8, App. 12). Without the enhancement for his prior conviction, Stewart would have been subject to a statutory minimum sentence of 180 months (120 months' imprisonment on Count 1 and 60 months' imprisonment on Count 3). His guideline sentencing range was 228-270 months' imprisonment. The District Court acknowledged its desire to grant Stewart a shorter

19

sentence on the record during his sentencing hearing, as well as its intent to shorten

Stewart's sentence if ever given an appropriate opportunity:

> If I had a choice here, I would not give you a 25-year sentence, but I
> don't. This is what the law requires. And so I have considered all of the
> factors under 3553(a), and I have considered the statutory penalties, and
> I have considered the advisory guidelines range, and I have looked at
> your offense, which was pretty basic.
>
> * * *
>
> I want to talk to you a little bit about the issue Mr. Mullin raised about
> changes in the law. This is a long sentence, but the law is also something
> that's been rotating pretty quickly in federal law. We're in a weird place
> in our country right now, frankly, on federal law issues. I don't know
> how inmates don't have whiplash from how fast the law is spinning
> back and forth right now.
>
> I will say on the record I would have given you a lesser sentence if I
> could have, and if I get the chance to, if the law changes, I will. I'm
> going to be around about as long as your sentence lasts. You and I are
> of similar age. So, you know, I wouldn't give up hope of that because I
> do think it's something that could change in the future, but, again, we'll
> have to wait and see.

(Sent. Tr. 19:16-21, 24:2-15, App. 52-53). Additionally, the District Court

acknowledged that Mr. Stewart was a non-violent drug addict, and he was dealing

because he was an addict. (Sent. Tr. 19, App. 52). The District Court believed there

were mitigating factors to support a shorter sentence, but its hands were tied by a

mandatory minimum that should not have been in place. This demonstrates a

"reasonable probability" that, if an effective objection to the enhancement had been

made, Stewart would have received a shorter sentence.

## CONCLUSION

Stewart's sentence was enhanced because his trial counsel failed to object to a predicate offense. The record below clearly indicated Stewart merited a shorter sentence. Stewart respectfully requests this Court vacate the Order Denying his Motion to Vacate Sentence and remand this matter for re-sentencing.

**PARRISH KRUIDENIER DUNN GENTRY
BROWN BERGMANN & MESSAMER L.L.P.**

By: */S/ Jessica Donels* .
Jessica Donels      AT0013389
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: jdonels@parrishlaw.com
ATTORNEY FOR DEFENDANT-APPELLANT

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that upon receipt of the notice from CM/ECF system that the brief and addendum have been reviewed, the foregoing Appellant's Brief will be served upon counsel by depositing one copy thereof in the U.S. Mail, postage prepaid, in an envelope addressed to the following counsel:

Clifford R. Cronk III
United States Attorney's Office
131 East 4th Street, Suite 310
Davenport, Iowa 61201
Telephone: (563) 449-5432
Facsimile:    (563) 449-5433
Email: cliff.cronk@usdoj.gov
ATTORNEY FOR RESPONDENT/APPELLEE

/s/ *Jessica Donels*

## CERTIFICATE OF FILING

The undersigned hereby certifies the attached Appellant's brief, which was scanned for viruses using the latest available software, was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECR users will be served by the CM/ECR system.

22

Within 5 days of receipt of the notice that the suspension has been lifted, the filer will forward 10 paper copies of the brief with the attached addendum as well as the appendix to the court and serve the opposing side via United States Postal Service with Mr. Michael E. Gans, Clerk of Court, United States Courthouse, 111 South Tenth Street, Saint Louis, Missouri, 63102.

The attached Appellant's brief is electronically filed with the CM/ECF system on October 20, 2021.

/s/    *Jessica Donels*

Dated: October 20, 2021

Jessica Donels

Appellate Case: 21-2791    Page: 30    Date Filed: 10/20/2021 Entry ID: 5089509

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,632 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), which include the cover page, corporate disclosure statement, table of contents, table of citations, statement regarding oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in font size 14, Times New Roman font.

3. This document has been scanned for viruses and is virus-free.


*/S/ Jessica Donels .*

Dated: October 20, 2021
Jessica Donels

Appellate Case: 21-2791    Page: 31    Date Filed: 10/20/2021 Entry ID: 5089509